Keith T. Koske Director Colorado Real Estate Commission 1776 Logan Street Denver, CO 80203
Dear Mr. Koske:
This opinion letter is in response to your May 1, 1980 letter, in which you inquired about the obligations of a developer of a cooperative housing corporation organized pursuant to H.B. 1141 (1980 Session)[1] (hereinafter referred to as H.B. 1141) to register pursuant to C.R.S. 1973, 12-61-401 etseq., as amended, and the obligation of persons selling stock certificates along with proprietary leases in such a cooperative to be licensed pursuant to C.R.S. 1973, 12-61-101et seq., as amended.
QUESTION PRESENTED AND CONCLUSION
Your request for an attorney general's opinion presents two questions:
1. Must the developer of a cooperative housing corporation organized pursuant to H.B. 1141 register with the Real Estate Commission, pursuant to article 61, title 12, part 4, as amended, if stock certificates together with ten or more proprietary leases are to be sold?
 My conclusion is "yes." It is my opinion that the cooperative housing corporation constitutes a "subdivision" within the meaning of C.R.S. 1973, 12-61-401(3), as amended. Thus, the developer of such a subdivision must register with the Real Estate Commission unless exempt pursuant to C.R.S. 1973, 30-28-101 et seq., as amended, or 31-23-101 et seq., as amended.[2]
2. Are persons selling stock certificates, together with proprietary leases, in a cooperative housing corporation organized pursuant to H.B. 1141, subject to the provisions of article 61, title 12, part I, as amended, concerning the licensing of brokers and salesmen?
 My conclusion is "yes" and such persons must be licensed unless exempt from licensure pursuant to C.R.S. 1973, 12-61-101(4).[3] It is my opinion that, except for persons exempt under section 101(4), the sale of stock certificates with propriety leases causes one to fit within the definition of "real estate broker" in C.R.S. 1973, 12-61-101(2).
ANALYSIS
1. Pursuant to C.R.S. 1973, 12-61-402, as amended, a developer of a subdivision must register with the Real Estate Commission prior to selling, leasing, or transferring or agreeing or negotiating to sell, lease, or transfer a subdivision or any part thereof.
The crucial issue with respect to your first question is whether a cooperative housing corporation constitutes a subdivision within the definition provided in C.R.S. 1973, 12-61-401(3). That provision states:
 (3) "Subdivision" means a group of ten or more building sites, tracts, or lots not intended for commercial or industrial use which are contiguous or which were formerly part of an undivided common tract, development, or sales proposal or a divided or undivided tract or parcel of land, whether located within or without this state, which is sold or which will be sold as ten or more divided or undivided interests in or to the whole tract or parcel of land and the sale, lease, or transfer of which is not regulated by a regional, county, or municipal planning commission or other governmental agency regulating subdivisions pursuant to article 28 of title 30 or article 23 of title 31, C.R.S. 1973.
The definition of "subdivision" in section 401(3) is alternatively one of "a group of ten or more building sites, tracts, or lots . . ." or "a divided or undivided tract or parcel . . . which will be sold as ten or more . . . interests."
It is my opinion that the sale of ten or more stock certificates with proprietary leases constitutes a "divided or undivided tract or parcel of land, . . . which is sold or which will be sold as ten or more divided or undivided interests in or to the whole tract. . ." C.R.S. 1973, 12-61-401. These are the reasons for my opinion:
First, the terms of H.B. 1141 require that the articles of incorporation of such a cooperative housing corporation must include, among other provisions, "that the interest of eachstockholder in the corporation shall be inseparable from and appurtenant to the right of occupancy, and shall bedeemed an estate in real property for all purposes, and shall not be deemed personal property," C.R.S. 1973,38-33.5-102(1)(c) (emphasis added). Furthermore, H.B. 1141 provides for accreditation of proportionate payment of real estate taxes (C.R.S. 1973, 38-33.5-103(2)) and that security for a loan against the tenant-stockholder's interest shall be a real property security interest (C.R.S. 1973, 38-33.5-105(1)(b) and 11-7-103(6)(b)). Thus, by its various provisions, the enabling act for cooperative housing corporations makes clear that the tenant-stockholder has an interest in real estate as that term is used in C.R.S. 1973, 12-61-401 et seq.
Secondly, the sale of the stock with leases satisfies the requirement that there be a tract or parcel of land. "Tract" and "parcel" are terms of imprecise reference to any land. Black's Law Dictionary 1268, 1665 (rev. 4th ed. 1968). The enabling act for cooperative housing corporations makes clear that the tenant-stockholder has an interest in real estate, regardless of whether the corporation owns or leases the land. The real estate owned or leased by the corporation constitutes the land in which the tenant-stockholder holds an interest and also constitutes the "tract or parcel of land" within C.R.S. 1973, 12-61-401(3).
The conclusion that the tenant-stockholder has an interest in a tract or parcel of land is further supported by C.R.S. 1973,38-32-101, which states:
 38-32-101. Estates may be created. Estates, rights, and interests in areas above the surface of the ground, whether or not contiguous thereto, may be validly created in persons or corporations other than the owners of the land below such areas and shall be deemed to be estates, rights, and interests in lands.
Together, the enabling act for cooperative housing corporations and the act providing for estates above surface, establish that the tenant-stockholder's interest in a cooperative housing corporation is one in real estate. Thus, since the tenant-stockholder has an interest in real estate, the sale of ten or more shares of stock in a cooperative housing corporation together with proprietary leases will constitute a division of land into ten or more interests and falls within the requirement of registration with the Real Estate Commission unless exempt pursuant to C.R.S. 1973, 30-28-101 et seq., as amended, or 31-23-101 et seq., as amended.
2. Your second question is whether persons selling stock certificates with proprietary leases in a cooperative housing corporation must be licensed as real estate brokers or salesmen. C.R.S. 1973, 12-61-102 requires licensure of brokers and salesmen. "Real estate broker" as defined in C.R.S. 1973,12-61-101(2), refers to anyone who receives compensation for exchanging real estate or an interest in real estate. A "real estate salesman" is defined merely as a person who performs the work of a broker but is an employee of or is acting on behalf of a licensed broker. C.R.S. 1973, 12-61-101(3).
The issue presented by your second question is whether the sale of stock certificates along with proprietary leases fits within the definition of "real estate broker." Whether the transaction is described as a "sale," "lease," or other exchange of real property is not pertinent. The legislature made clear its intention to treat the stockholder-tenant's interest as one in real property. C.R.S. 1973, 38-33.5-102(1)(c). Any exchange of an interest in real property is activity within the statutory definition of a "broker" or "salesman."
Since the sale of stock certificates in a cooperative housing corporation together with proprietary leases is within the statutory definition of "real estate broker," licensure is required pursuant to C.R.S. 1973, 12-61-102, unless an exemption applies. Real Estate Commission rule and regulation S-1 concerning subdivision developers makes clear that registration pursuant to title 12, article 61, part 4, C.R.S. 1973, does not exempt the registrant from the licensing requirements of title 12, article 61, part 4, C.R.S. 1973. If one fits within the definition of a "real estate broker," as defined by 12-61-101(2), then licensure is required unless one of the exemptions in12-61-101(4) is applicable.
SUMMARY
In summary, developers of a cooperative housing corporation must register with the Real Estate Commission pursuant to part 4, article 61, title 12, C.R.S. 1973, as amended, unless the developer is exempt by virtue of county or municipal regulation. A person selling stock certificates in a cooperative corporation along with proprietary leases must be licensed pursuant to part 1, article 61, title 12, C.R.S. 1973, as amended, unless exempt pursuant to 12-61-101(4).
Very truly yours,
 J.D. MacFARLANE Attorney General
REAL ESTATE AGENTS, BROKERS, DEALERS, AND SALESMEN REAL ESTATE DWELLINGS, MULTIPLE LAND USE CORPORATIONS
H.B. 1141 (1980)
C.R.S. 1973, 12-61-101
C.R.S. 1973, 12-61-102
C.R.S. 1973, 12-61-401
C.R.S. 1973, 12-61-402
C.R.S. 1973, 11-7-103 (1980 Colo. Sess. Laws, p. 704) C.R.S. 1973, 38-32-101
C.R.S. 1973, 38-33.5-102
C.R.S. 1973, 38-33.5-103
C.R.S. 1973, 38-33.5-101 et seq. (1980 Colo. Sess. Laws, p. 704) C.R.S. 1973, 11-41-119 (1980 Colo. Sess. Laws, p. 704) C.R.S. 1973, 7-55-111 (1980 Colo. Sess. Laws, p. 704)
REGULATORY AGENCIES, DEPT. Real Estate Commission
Unless an exemption applies, the developer of a cooperative housing corporation must register with the Real Estate Commission pursuant to C.R.S. 1973, 12-61-401 et seq., if stock certificates together with ten or more proprietary leases are to be sold. Unless exempt, persons selling stock certificates together with proprietary leases in such a cooperative must be licensed as real estate brokers or salesmen pursuant to C.R.S. 1973, 12-61-101 et seq.
[1] H.B. 1141 (appendix A), 1980 Colo. Sess. Laws, p. 704, amended title 38, C.R.S. 1973, by adding article 33.5, as an enabling act for the formation of cooperative housing corporations. The bill further amended articles 7 and 41 of title 11, C.R.S. 1973, to provide for loans and article 55, title 7, to provide for use of the term "cooperative."
[2] This opinion will not discuss specific exemptions from the subdivision developer registration requirement since the applicability of specific exemptions is beyond the scope of your question.
[3] This opinion will not discuss the applicability of specific exemptions since such a discussion is beyond the scope of your question.